In the Matter of DOMINICK ROMANELLO, Respondent, against JOSEPH L. CARLUCCI, as Mayor of the Village of Port Chester, et al., Appellants.— In this proceeding under article 78 of the Civil Practice Act, petitioner sought an order granting him the right of permanent employment, with the Village of Port Chester, and directing respondents, the village officials, to restore him to such employment and to pay him wages lost because of his alleged removal

from such employment. Petitioner, fifty-seven years of age and a veteran of the first world war, entered village service in 1938 and was employed in the village's sanitation department. From 1938 until 1944 he worked in the incinerator and collected garbage at night and on special daytime collections. From 1944 to July 14, 1950, he worked exclusively on the night collection routes. While on vacation, which began on July 14, 1950, he took sick, went to and stayed in a hospital until September 1, 1950. He did not return to work, however, claiming that he was not able to do the work. He applied for and was granted two sick leaves of thirty days each, which expired on October 15, 1950. He was assigned, at his request, in the village incinerator from October 30, 1950, until November 18, 1950. From November 20, 1950, until January 13, 1951, he worked in the daytime on a temporary job of clearing debris from the streets, which had accumulated because of a hurricane. On January 15, 1951, he returned to his regular job on the night collection truck. On January 16, 1951, he reported sick and has not since that time worked for the village. On February 28, 1951, the corporation counsel of the village notified petitioner's attorneys that petitioner had not been discharged and that his regular job was still open and waiting for him when he was able and willing to perform his duties. In appellants' brief on this appeal a similar statement is made. On March 2, 1951, petitioner took employment with the Empire Brush Works. The Official Referee to whom the proceeding was referred to hear and determine, directed that petitioner be reinstated to employment and that he be paid back wages, amounting to $1,119.13, and denied appellants' cross motion to dismiss the petition. Order reversed on the law and the facts, without costs, and petition dismissed, without costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. There is no proof in this record that respondent was discharged from his employment with the village. On the contrary, the proof clearly establishes that respondent was assigned to his former job and that he was unable or unwilling to perform the duties to which he was assigned by those having power to so assign him. Whatever rights petitioner may have, as a veteran, under the Civil Service Law, that statute gives him no right to choose the particular job he may wish to fill, within his classification, and to have some other employee removed so that he may fill it. Nolan, P. J., Carswell, Adel, Wenzel and Schmidt, JJ., concur.